UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT TORMENIA,

    Plaintiff,

v.                                               CASE NO.: 8:12-cv-01404-T-27MAP

FRANK CONTURSI and
MARTHA CONTURSI,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This action appears on the docket as a removal from the Sixth Judicial Circuit in and for Pinellas County per 28 U.S.C. § 1441. The Plaintiff, acting *pro se*, apparently filed the notice of removal after the Second District Court of Appeal issued a *per curiam* opinion (March 7, 2012) affirming the state trial court's final summary judgment in favor of the Contursis and against him. *See* doc. 2, ex. 1. The Plaintiff now seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (doc. 3). For a host of reasons, I recommend the motion be denied and the complaint dismissed.

Plaintiff's incoherent complaint is an effort at federal review of the Second District's ruling against him over a fraudulent lien claim: "the trial court erred by granting Summary Judgment and awarding fees on Appellees' claim for fraudulent lien, as Appellees had no right to bring action for declaration of fraudulent lien as a matter of law." *See* doc. 2 at p. 3.[1] The

---

[1] His complaint obviously borrows from his losing appellate brief filed in the Second District.

*Rooker-Feldman* doctrine clearly prohibits this.[2] The doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Alvarez v. Attorney General for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Given that Plaintiff's complaint fits the *Rooker-Feldman* mold, not to mention that his notice of removal and complaint fail to show cognizable grounds for the exercise of this Court's removal jurisdiction (*see* 28 U.S.C. § 1441), it is

RECOMMENDED:

1. Plaintiff's request to proceed in forma pauperis be denied and his complaint be dismissed with prejudice.

IT IS SO REPORTED in chambers at Tampa, Florida on July 20, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

---

[2] *Rooker v. Fidelity Turst Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).